David J Zugman
Burcham & Zugman
402 West Broadway
Suite 1130
San Diego, CA 92101
619-699-5931
Fax: 619-924-2201
Email: dzugman@gmail.com

Attorney for Chaima Chabaani

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE WILLIAM Q. HAYES)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHAIMA CHABAANI,<br><br>    Defendant. | Criminal No. 24-cr-02713-WQH<br><br>Motions to Dismiss 1. Failure to Allege Implied Element that Chaabani Deceived and Cheated as Required for an Intent to Defraud; 2. Failure to allege that Chaabani's alleged Use of Access Device was the Crux of the Offense<br><br>Motions in Limine to Exclude Evidence: 1. Financial Impact on Victims; 2. Personal Intimate Conduct under *Andrew v. White*, 145 S. Ct. 75 (2025); 3. Motion to Preclude 404(b); 4. The Online Pet Store; 5. The Insufficiency of Limiting Instructions<br><br>Next Hearing: Motions in Limine<br>Date: May 21, 2025<br>Time: 9:00 a.m.<br>Courtroom: 14B |

To:   Andrew Gordon, United States Attorney, Sabrina L. Feve and Robert J. Miller, Assistant United States Attorneys:

### I.     MOTION TO ALLOW RULE 12 MOTIONS

This Court appointed Counsel four weeks ago. (ECF 43). Counsel did not

have the opportunity to file Rule 12 or 16 motions, and prior counsel was operating under a conflict. (*Id.*) Chaabani asks the Court's permission to file these challenges to the superseding indictment. (ECF 63). Under Federal Rule of Criminal Procedure 12(c)(1-3), the Court can reset the time for hearing pretrial motions, and it can consider any issue if Chaabani can show "good cause." Chaabani's good cause is newly appointed counsel and prior counsel' conflict. Chaabani points the Court to *United States v. Hall*, 565 F.2d 917, 920 (5th Cir. 1978), which affirmed a district court's decision in order to avoid penalizing criminal defendant for inadvertence of his attorney as good cause under Rule 12 for delayed consideration of motion to suppress evidence. The failure to file Rule 12(b) motions does not constitute a voluntary waiver *United States v. Rivera-Corona*, 618 F.3d 976, 982 (9th Cir. 2010) (defendant's statement affirming satisfaction with counsel was not a valid waiver when a conflict existed, as such waivers are involuntary under the Sixth Amendment).

Chaabani is also filing her motions in limine.

## II.    THE INDICTMENT

The indictment charges Chaabani with conspiring to commit access device fraud.

> CHAIMA CHAABANI , and Robert Stoica , charged elsewhere, did knowingly and with intent to defraud conspire with each other and others, to use one and more unauthorized access devices , to wit, Electronic Benefit Transfer account numbers and PINs issued to persons

> other than themselves and their coconspirators, during a one-year period, and by such conduct obtain cash and other things of value aggregating $1,000 and more during such one-year period, said use affecting interstate and foreign commerce

(ECF 63 at 2). The second count is the substantive charge that Chaabani did "knowingly and with intent to defraud use and attempt to use one and more unauthorized access devices, to wit, Electronic Benefit Transfer account numbers issued to persons other than defendant" to obtain cash in excess of $1000. (*Id.*)

Counts 3 through 7 charge aggravated identity theft under 18 U.S.C. § 1028A(a)(1) and allege that:

> CHAIMA CHAABANI, during and in relation to the felony violations charged in Counts 1 and 2 of this Indictment, knowingly possessed and used, without lawful authority, a means of identification of another person, to wit, the Electronic Benefit Transfer (EBT) account number issued to [initials of victim], during a financial transaction at [an ATM], knowing that the means of identification belonged to another actual person

(ECF 63 p. 5-6).

The United States has filed notices that it intends to call an expert about skimming devices, a forensic examiner of the digital devices of Chaabani and Stoica, Rule of Evidence 902 discovery, 404(b) evidence consisting of Chaabani's employment and banking activities as well as her immigration application, payments to Stoica's child, her use of ATM's, and Stoica buying luxury accessories, a Rule 608 ruling regarding what the United States is alleging is a

3
24cr2713-WQH

sham marriage, a cell tower expert under Rule 16(a)(1)(G) for cell location data,[1] and a 1006(a) summary chart for evidence. (ECF 20-24, 26-27).

Ms. Chaabani will first address the deficiencies of the indictment and then she will address why she believes the trial should be confined to whether she knew that Stoica had stolen EBT benefits and whether she was assisting him in that venture. Much of the United States's motions in limine are designed to allow it to go into extraneous of issues of the truth about Chaabani's marriage and the United States's obvious disapproval of her life choices. But it is error to allow Ms. Chaabani to be tried by shame. *Andrew v. White*, 145 S. Ct. 75 (2025). The United States's burden is to demonstrate the elements of the offense and that is what the trial evidence should focus on.

### III. THE INDICTMENT DOES NOT ALLEGE THAT CHAABANI DECEIVED OR CHEATED AS IS REQUIRED TO PROVE AN INTENT TO DEFRAUD

In *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020), the Court held that an intent to defraud requires proof that the defendant deceived and cheated. In an unpublished case, the Court of Appeals agreed that access device fraud required proof of an intent to deceive and cheat. *United States v. Brown*, No. 22-50158, 2024 U.S. App. LEXIS 19312, at *2-3 (9th Cir. Aug. 2, 2024). In *Brown,* a plain error case, the Ninth Circuit concluded that Brown had shown that the "first

---

[1] The United States has pictures at the ATM's.

and second elements" of plain error are met. The United States conceded the argument in the briefs. *Id.* ("The government concedes that in light of *United States v. Saini*, 23 F.4th 1155 (9th Cir. 2022), the district court's 'intent to defraud' instruction was erroneous and that the error is plain.") *Brown* recognized that *United States v. Saini*, 23 F.4th 1155 (2022), controls as it held that an "intent to defraud" under 18 U.S.C. 1029(a)(3) and (4) requires an "intent to deceive and cheat". *Id.* (citing *United States v. Saini*, 23 F.4th at 1160).

The Superseding Indictment does not allege that Chaabani had the intention to "deceive and cheat," which is an element of an intent to defraud. To be guilty of access device fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive and cheat. *Miller*, 953 F.3d at 1101.

Nowhere does the indictment properly allege that Chaabani deceived and cheated the alleged victims. The "deceive and cheat" requirement comes from the idea of convergence: for fraud, the entity deceived must be the holder of the property obtained. *United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989) (for mail fraud, "the intent must be to obtain money or property from the one who is deceived.") There is a failure of convergence. *See, e.g.*, *United States v. Holmes*, No. 5:18-cr-00258-EJD, 2020 U.S. Dist. LEXIS 24551, at *50-51 (N.D. Cal. Feb. 11, 2020) ("The 'intent to defraud' still requires convergence; the defendant must

intend to deprive the alleged victim of money or property.")

If an indictment fails to allege the required mens rea, then it must be dismissed. *United States v. Du Bo*, 186 F.3d 1177, 1181 (9th Cir. 1999).

### IV. THE INDICTMENT FAILS TO ALLEGE THAT CHAABANI'S USE OF THE ACCESS DEVICE AS THE CRUX OF THE OFFENSE

The Superseding Indictment further fails to allege that Chaabani's use of an access device was the crux of the offense, as required for a conviction under 18 U.S.C. § 1029. The statute targets conduct where the access device itself is central to the fraudulent scheme, not merely incidental to it. *See United States v. Onyesoh*, 674 F.3d 1157, 1159 (9th Cir. 2012) (emphasizing that access device fraud under § 1029 focuses on the use of devices like credit card numbers to perpetrate fraud). The indictment must allege facts showing that the access device was the primary instrument of the offense, enabling the defendant to obtain goods, services, or money directly through its use.

Here, the indictment does not specify how Chaabani's alleged conduct relied on the access device as the crux of the fraudulent scheme. Without such allegations, the indictment does not establish the essential nexus between the access device and the offense. *See United States v. Bailey*, 41 F.3d 413, 417 (9th Cir. 1994) (requiring a clear connection between the access device and the fraudulent act for § 1029 liability).

Moreover, the failure to allege this element violates the requirement that an

indictment have all the essential elements of the offense. "Implied, necessary elements, not present in the statutory language, must be included in an indictment." *United States v. Du Bo*, 186 F.3d at 1179. Dismissal is required if an indictment does not allege all necessary elements of an offense, even implied elements. *Id*. at 1179-81. Such a defective indictment is a fatal flaw that is not subject to harmless error review. *See United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005). Just as the indictment's failure to allege an intent to "deceive and cheat" renders it defective, the absence of allegations establishing the access device as the crux of the offense similarly warrants dismissal. The lack of specificity deprives Chaabani of notice of the charges and fails to meet constitutional standards under the Fifth and Sixth Amendments. *See United States v. McIntosh*, 655 F.3d 1060, 1064 (9th Cir. 2011) (indictment must provide sufficient detail to ensure fair notice and protect against double jeopardy).

V.   **MOTION IN LIMINE RE: HARM TO THE VICTIMS**

The United States should be prohibited from eliciting the financial impact on the victims as it is not relevant to the charges and will unduly prejudice Chaabani. *See United States v. Ellis*, 147 F.3d 1131, 1136 (9th Cir. 1998) (Federal Rule of Evidence 403 violation to allow government to put into evidence the strength of the explosive materials since it was not an element of the charge and was otherwise irrelevant); *United States v. Copple*, 24 F.3d 535, 546 (3d Cir. 1994) ("we believe that the probative value of the victim impact testimony was outweighed by unfair

prejudice, and that such testimony should have been excluded under Federal Rule of Evidence 403.")

### VI. MOTION IN LIMINE RE: PERSONAL INTIMATE CONDUCT

The United States intersperses its pleadings with allegations about Chaabani's marriage. (ECF 23-24) Chaabani is not required to defend her marriage and how she splits her finances with her husband. Presumably, the United States vetted him when the application for permanent residence was approved and when the United States accepted him as a surety after he showed up in court at her first appearance in this district. (ECF 44: transcript of initial appearance in the Southern District of California).

### VII. MOTION IN LIMINE RE: 404(b) SHOULD BE EXLCUDED

Most of what the United States seeks for 404(b) is not going to be an issue. Ms. Chaabani will stipulate that it was her at the ATM. To the extent the United States is trying to establish that Chaabani was the one in the photos, it need not worry: she will stipulate that it was her. *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644 (1997).

In *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995), the Ninth Circuit reversed a conviction for admitting prior drug possession evidence irrelevant to the charged conspiracy, emphasizing that speculative evidence is prejudicial when other evidence suffices. Similarly, in *United States v. Hill*, 953 F.2d 452, 457-58 (9th Cir. 1991), the court excluded prior drug use

evidence as irrelevant to a conspiracy charge, noting its propensity risk under Rule 403.

Chaabani's stipulation addresses her involvement in the alleged ATM withdrawals, rendering Los Angeles ATM use speculative (inferring intent to travel for earlier EBT access) and prejudicial by suggesting habitual criminality. The surveillance and transaction records (ECF No. 23 at 4) further reduce the need for this evidence, warranting exclusion under Rule 403. *See Vizcarra-Martinez*, 66 F.3d at 1013 (excluding evidence when direct evidence is available).

Chaabani concedes that cash deposits or transfers (ECF No. 23 at 7–10) could be evidence of the conspiracy if the government provides testimony linking them to EBT fraud. However, deposits alone, showing only interaction with Stoica, are insufficiently connected to the charged offense. *United States v. Hill*, 953 F.2d 452, 457 (9th Cir. 1991), excluded prior acts lacking a direct nexus to the charged conspiracy, emphasizing the need for relevance and sufficiency. Here, deposits outside the charged period (e.g., October 2023, May 2024, ECF No. 23 at 8–9) are not similar to EBT fraud. And the United States provides no witness to tie them to the conspiracy. See *United States v. Gross*, 424 F. Supp. 3d 800, 807 (C.D. Cal. 2019). The burden is on the United States to prove the admissibility.

The United States's evidence of luxury goods purchased with stolen credit cards and Defendant's WhatsApp messages (ECF No. 23 at 12–13) involves a distinct scheme (credit card fraud). In *United States v. Vizcarra-Martinez*, the

Ninth Circuit excluded prior drug possession evidence dissimilar to the charged manufacturing conspiracy, noting its high prejudicial impact. 66 F.3d at 1012. Similarly, credit card fraud is not sufficiently similar to EBT fraud, and the government's inference that Defendant knew of Stoica's illegal activities is speculative without direct evidence.

Under Rule 403, this evidence is highly prejudicial, portraying Defendant as extravagant against low-income victims, risking emotional bias akin to victim impact testimony. *See United States v. Copple*, 24 F.3d 535, 546 (3d Cir. 1994). Its probative value is low, as surveillance and transaction records suffice to prove the conspiracy. *See Vizcarra-Martinez*, 66 F.3d at 1013.

By themselves, banking activities are not intrinsic to the charged offense and fail Rule 403. The government claims some banking activities (e.g., deposits during the conspiracy) are intrinsic to the charged offense, not subject to Rule 404(b). (ECF No. 23 at 6). But the United States's theory is that the EBT fraud occurred after these accounts were skimmed and the benefits stolen. Unless the United States is asserting that a transaction is a part of that fraud, the evidence would be collateral to the charges. *See United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007) (en banc) (requiring Rule 403 balancing for all evidence). The grand jury charged Chaabani with committing EBT fraud. (ECF 63). Unless the United States has evidence that these transactions involved EBT funds or were some sort of settlement of the transaction, they are not inextricable, they are

extricable. To do otherwise would subject Chaabani to a trial on evidence irrelevant to the charges brought by the grand jury.

In *United States v. Bailey*, 696 F.3d 794 (9th Cir. 2012), the Ninth Circuit reversed a securities fraud conviction because the trial court improperly admitted a prior SEC civil complaint which Bailey settled without admitting liability. *Bailey* focused on that it was an unproven accusation that risked jurors inferring guilt making its admission was prejudicial under FRE 403 because, like Chaabani, this is a one-witness (Stoica) case. *Id.* 696 F.3d 794, 804 (9th Cir. 2012). This supports excluding evidence of non-EBT transactions in Chaabani's case unless the government proves they are directly tied to the charged EBT fraud, preventing prejudice and ensuring trial on the indictment's scope. (ECF 63).

The prejudice—implying Defendant's greed or criminal lifestyle—is substantial, especially when contrasted with victims' poverty, warranting exclusion. *See Copple*, 24 F.3d at 546.

**VIII.   MOTION IN LIMINE RE: THE ONLINE PET STORE**

The United States seeks to admit evidence that Chaabani lied about being involved in an online pet store in her immigration application. (ECF 22, 23). If the United States wants to pursue that charge, it should seek such an indictment but the charge authorized by the grand jury does not authorize an inquiry into this collateral question. This evidence, stemming from her I-485 Application to Register Permanent Residence, is inadmissible because it lacks a logical

connection to the charged offenses of conspiracy to commit access device fraud, use of unauthorized access devices, and aggravated identity theft. Rule 404(b) prohibits evidence of prior acts to prove character or propensity, allowing its use only for purposes such as motive, intent, or knowledge, if the prosecution can establish a "logical connection" that is "supported by some propensity-free chain of reasoning." *United States v. Rodriguez*, 880 F.3d 1151, 1157 (9th Cir. 2018) (citation omitted).

The United States fails to articulate how the alleged misrepresentation in an immigration application directly relates to the specific intent or knowledge required for the charged fraud offenses, risking improper use to suggest Chaabani's general dishonesty. *United States v. Martin*, 796 F.3d 1101 (9th Cir. 2015) (tax convictions vacated due to the improper admission of prior state tax audit evidence under Rule 404(b), finding no relevant connection between the prior act and the charged federal tax violations; instead it was the prohibited propensity evidence).

The dissimilarity between the prior act (a statement in an immigration form) and the charged conduct (use of stolen credit card information) undermines its admissibility. But even if it was minimally relevant, the evidence should be excluded under Rule 403, as its probative value is substantially outweighed by the danger of unfair prejudice. Introducing Chaabani's alleged immigration misrepresentation risks leading the jury to convict based on perceived character

flaws rather than evidence of the charged offenses. *United States v. Martin*, 796 F.3d at 1107-08.

In *United States v. Charley*, 1 F.4th 637, 648-49 (9th Cir. 2021), a new trial was ordered after the district court allowed in evidence of assault in an assault case. *Charley* cautioned that the use of "such evidence must be narrowly circumscribed and limited" and that courts "must be extremely careful to guard against the danger that defendants will be convicted because they have previously committed a [prior] serious criminal offense rather than because the Government has introduced evidence sufficient to prove beyond a reasonable doubt that they are guilty of the offense for which they are being tried." *Id.* at 647.

## IX.   LIMITING INSTRUCTIONS CANNOT CURE PREJUDICE

While limiting instructions may mitigate prejudice, as in *United States v. Ramos-Atondo*, 732 F.3d 1113, 1122, (9th Cir. 2013), the cumulative prejudice of the government's Rule 404(b) evidence—suggesting propensity, extravagance, and unproven criminality—cannot be cured. In *United States v. Hill*, the Ninth Circuit found that limiting instructions were insufficient when evidence was irrelevant and highly prejudicial. 953 F.2d at 458. Here, the speculative nature of ATM use, luxury goods, and unlinked deposits risks confusing jurors and inviting improper inferences, necessitating exclusion. *See Vizcarra-Martinez*, 66 F.3d at 1013.

## X. CONCLUSION

Chaabani asks the Court to grant her motions.

                                                        Respectfully submitted,

Dated: 5/7/2025                        s/David Zugman
                                              DAVID J. ZUGMAN
                                              Attorney for Chaabani